IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF STATE OF TEXAS

FILED
JUN 0 5 2014
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

Manuel Tijerina )
)
Plaintiff, ) COMPLAINT
v. )
)
UNITED STATES OF AMERICA, WARDEN,)
 REEVES COUNTY DETENTION CENTER )  Civil No. P-14-CV-43
 (1&2), BUREAU OF PRISONS and )
 GEO GROUP, MEDICAL DEPARTMENT )
)

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Manuel Tijerina, In Pro Se, for his second Amended complaint against The Geo Group Medical Department, and Reeves County Detention Center

### JURISDICTION AND VENUE

1. This court has Jurisdiction over this action under 28 U.S.C section 1331 and 1343(3) and (4), the matter in controversy arise under 42 U.S.C Section 1983.

2. Venue property lies in this District pursuant to 28 U.S.C. Section 1391(b)(2), because the vents giving rise to this cause of action occurred at Reeves County Detention Center Complex (R1 & R2)  98 West County Rd. 204 P. O. Box 1560 Pecos, TX. 79772 which is located within the District of the State of Texas.

1

## *PARTIES*

3. Plaintiff Manuel Tijerina is and was, at all times relevant hereto, a prisoner in custody of the GEO Group custody, at Big Spring Correctional Center 1701 Apron Dr, Big Spring, TX 79720 and transferred and current in custody at Reeves County Detention Center located at 98 West County Rd. 204 P. O. Box 1560 Pecos, TX. 79772.

Mr. Tijerina is currently incarcerated and has been transferred to Reeves County Detention Center located at 98 West County Rd. 204 P. O. Box 1560 Pecos, TX. 79772

4. Defendant Medical Department at Reeves County Detention Center, who at all times relevant hereto, was assigned by GEO Group.

5. Defendant Ms. Tabor Health Department Director, who at all-time relevant hereto was assigned to Health Department director, by GEO Group.

**6**. Defendant : Ms. Fuentes with the obligation of case manager, who at all relevant HERETO was assigned by GEO Group as case manager.

## *PREVIOUS LAWSUITS BY PLAINTIFF*

9. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his Prison.

### *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

Plaintiff used the facility grievance procedure and medical request to try and solve the problem. Plaintiff has a heart medical problem that needs as emergency medication as Plavis and other medications as a result of a heart surgery.

Plaintiff try several times to solve the problem, in respond began to receive indifference and retaliation by GEO staff, depriving Mr. Tijerina of many privilege as mail; store and other prisoner privileges.

# *FACTS*

10. The (GEO) facility has contracted with the Bureau of Prison Office to detain Prisoners. Mr. Tijerina suffers from heart disease, high blood pressure and left shoulder pain. He was transferred from Big spring Correctional center and was denied adequate medical attention.

Mr. Tijerina arrive at Reeves County Detention Center requesting medical attention and was denied deprived of appropriated medical attention and also without medication for over 28 days of medication that is need it every days to prevent any heart attack.

Mr. Tijerina family has been sent request to the Assistant Warden of Program Mr. Lavaugant Ganto requesting medical attention without response (See attach all request filed by Mr. Tijerina to diferent departments).

. Manuel Tijerina has been diagnosed with heart problems condition and has a heart surgery.

Mr. Manuel Tijerina need medication attention, and is not receiving medication that is very important for his medical problem. Mr. Tijerina recently has had two heart attacks and is not receiving the proper attention. Mr. Tijerina had wrote several times with the Medical Department and is not receiving response nor attention, Mr. Tejerina has file a medical request as an appropriate way and is not been attended for his medication need it, and he did not receive more adequate medication for over 28 days after his diagnosis of heart problem and medication need it.

Mr. Tjerina family have been informed that he is suffering from heart disease, high blood pressure, cholesterol, and diabetes; and aalso have been informed that is not receiving his medication for cardio vascular device, He is about to suffer a fatal stroke as consequence of his medical need it.

Mr. Tijerina is claims that at Reeves County Detention Complex where he is housed as a prisoner are in violation of his Due Process Clauses of the Fifth and Fourteen Amendments by no providing appropriate medical care for painful heart problems.

12. On Nov. 2013 Mr. Tijerina was victim of attack from other prisoner and was ended in bad medical condition, as a consequence of retaliation was placed in segregation. After been release was transferred with his predator unit risking been hurt and even killed by his attacker.

Mr. Tijerina has requested all his medical record and has been denied by Reeves County Detention Center. He has requested to the Health Department and has been denied by the medical staff. Mr. Tijerina has requested the incident report or video of his attack and has been denied by the facility. The only evidence that Mr. Tijerina has is the request he has sent to different department, no other respond has been received by the assistant Warden, by the medical department nor by GEO Group.

### *IV RIGHT TO MEDICAL AID*

18. Prisoners in State Prison and Federal Institutions have Sought Redress in the Federal System, for Medical Treatment they have Received and Failed to Receive, Complaints about Medical Treatment have Included Claims about the Adequacy and Nature of the Medical Care Received

19. Allegations of a total denial of medical care, improper medical care, inadequate care, and conduct of facility official attendant to the medical care.

20. Violation of Eight Amendment has been found when there is an intentional denial of need medical care, or when a prison of conduct indicates deliberate indifference to the litigation involving the medical rights of prisoners has now focused upon the nature of so-called adequate or reasonable medical care.

21. In *Hataway v. Coughlin*, the second Circuit applied these standards and held that a prison doctor was deliberately indifferent to the prisoner's serious medical needs in hat he knew of and disregarded an excessive risk to his health.

22. In *Comstock v. McCrary*, a prison psychologist subjectively perceived a risk of serious harm to a prisoner but displayed deliberate indifference to the prisoners serious medical needs.

4

23. In Estella v. Gable, in that case, the Supreme Court reasoned that there must be facts and evidence to show a deliberate indifference to serious medical needs. The embodies both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the charge officials must act with a sufficiently culpable state of mind. Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm.

### BREACH OF DUTY TO PROTECT

United States of America, Warden, Reeves County Detention Center (1&2), Bureau Of Prisons And Geo Group, Medical Department , and the office of professional standards, failed to USE appropriate funds by Federal Government. For the upkeep, repair, and properly supply what is required, that the prisoner be afforded such medical needs, and budget for medical care of the prisoners population; said conduct was also the approximate cause of the Plaintiffs pain, harm, suffering, anguish, injury, and mental diminishing and was undertaken in disregard of clearly established Constitutional standards, principals of laws.

Failure to keep the facility with the requires standards create mental and emotional distress to plaintiffs well-being and was also the approximate cause of Plaintiffs pain, harm, suffering, anguish and damage; said acts and omissions were undertaken in disregard of clearly established Constitutional standards, principles and law.

Attached you will find all medical request from Mr. Tijerina, All request seeking medical record, all request seeking emergency medical attention, all request seeking transfer to a adequate medical attention facility, request from his family requesting transfer to a medical facility, letters to assistance of warden, letters to Ms. Tabor Health Department Director, request to Ms. Fuentes case manager, letter to the assistance Warden Mr. Lavugatn Ganto. All of this request or letters has been ignore by all this personal in charge.

### WHEREFORE, PLAINTIFF REQUESTS THIS COURT:

To asses compensatory damages against Defendants in the amount of $300,000 for unnecessary pain and suffering and another $300,000 for mental suffering, and pursuant to

rule 28 of the Federal Rules Of Civil Procedure Plaintiff hereby demands a jury trial on all issues triable by right to Jury in this case of action: Permanently Enjoin The Practice of the [GEO] Correctional Center and its officials and Employees from continuing placing prisoners in inadequate facility which subjects Plaintiffs to unreasonable risk of harm, injury, suffering, anguish, pain and mental diminishing.

SUBMITTED THIS June 3, 2014

BY: *Manuel Tijerina*
Manuel Tijeribna

# CERTIFICATE OF SERVICE

Case Name: *MANUEL TIJERINA v.* **(UNITED STATES OF AMERICA, WARDEN,) REEVES COUNTY DETENTION CENTER   (1&2), BUREAU OF PRISONS and GEO GROUP, MEDICAL DEPARTMENT** et, al

I certify that a copy of the Complaint and Demand for Jury Trial and its attachment(s) was served, either in person or by mail, on the person(s) listed below.

DATE:  June 3, 2014

*Manuel Tijerina*
Manuel Tijerina

To:

UNITED STATES DISTRICT COURT
**Western District of Texas**

**410 S. Cedar St.**
**Pecos, TX. 79772**
Office of the Clerk

---

**United States Attorney's Office**

**U.S. Courthouse**

**410 S. Cedar, Room 255**

**Pecos, Texas 79772**

FIRMLY TO SEAL    PRESS FIRMLY TO SEAL

**PRIORITY MAIL ★**

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE



USPS TRACKING #

9114 9012 3080 3076 3829 71

Label 400 Jan. 2013
7690-16-000-7948

MANUEL TIJERINA
# 10638279
98 W. County Rd. 204
P. O. Box 1560
Pecos, TX. 79772

U.S. POSTAGE PAID
SOUTH GATE, CA
90280
JUN 03 14
AMOUNT
$5.60
00013089-02

1006  79772

TO:

**UNITED STATES DISTRICT COURT**
Western District of Texas
410 S. Cedar St.
Pecos, TX. 79772


0001000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.